**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

REYNALD LAPUEBLA,

      Plaintiff - Appellant,

  v.

MARKWAYNE MULLIN, Secretary, U.S.
Department of Homeland Security;
UNITED STATES DEPARTMENT OF
HOMELAND SECURITY; UNITED
STATES CUSTOMS AND BORDER
PROTECTION,

      Defendants - Appellees

No. 25-5188

D.C. No.
1:19-cv-00097

MEMORANDUM*

---

Appeal from the District Court of Guam
Michael J. Bordallo, Magistrate Judge, Presiding

Argued and Submitted June 24, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

    Reynald LaPuebla appeals the district court's grant of summary judgment to

the Secretary of the Department of Homeland Security, Department of Homeland

Security, and U.S. Customs and Border Protection (collectively, the Agency) on

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

his Title VII hostile work environment claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, *Bros. Mkt. LLC No. 2 v. United States*, 172 F.4th 758, 764 (9th Cir. 2026), and we affirm.

At the summary judgment stage, LaPuebla must present a genuine dispute as to whether the allegedly harassing conduct he experienced was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *EEOC v. Prospect Airport Servs., Inc.*, 621 F.3d 991, 997 (9th Cir. 2010); *see Okonowsky v. Garland*, 109 F.4th 1166, 1178–79 (9th Cir. 2024). The conduct must be "both objectively and subjectively offensive, one that a reasonable person would find hostile and one that the victim in fact did perceive to be so." *Prospect Airport Servs.*, 621 F.3d at 997. The parties dispute only the objective requirement. In analyzing objective hostility, we consider "the totality of the circumstances surrounding the plaintiff's claim," including the severity and pervasiveness of the alleged conduct. *Okonowsky*, 109 F.4th at 1179.

Because the required level of severity varies inversely with the pervasiveness of the conduct, a single event is actionable only if it is "extremely severe." *Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000); *see also Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). Here, the Facebook post incident was not sufficiently severe to alter the terms and conditions of LaPuebla's employment. As crude, unseemly, and unwelcome as the comments on

the post were, such comments fall short of constituting the extremely serious single incident that a claim based on severity alone would require. *See Faragher*, 524 U.S. at 788; *Brooks*, 229 F.3d at 926.

Nor was the conduct sufficiently pervasive. It consisted of a single post that was online for at most a week before the Agency ordered the poster to delete it. *See Brooks*, 229 F.3d at 924 ("[A]n isolated incident of harassment by a co-worker will rarely (if ever) give rise to a reasonable fear that sexual harassment has become a permanent feature of the employment relationship. . . . [I]f the employer takes appropriate corrective action, it will not have ratified the conduct."). Citing *Okonowsky*, LaPuebla argues that the conduct here was sufficiently pervasive because "[s]ocial media posts are permanently and infinitely viewable and re-viewable[.]" 109 F.4th at 1180. But *Okonowsky* only determined that harassment on social media may constitute conduct "occurring in" the workplace; it did not hold that social media posts are per se pervasive. *Id.* (internal quotation marks omitted). LaPuebla does not argue that the post remains online, nor does he offer evidence that the photograph continued to circulate at his workplace after it was taken down, distinguishing this case from the recurring conduct we have held actionable. *See, e.g.*, *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 438–39, 442 (9th Cir. 2017); *Christian v. Umpqua Bank*, 984 F.3d 801, 810–11 (9th Cir. 2020).

In light of the totality of the circumstances, including the Agency's response,

LaPuebla has not created a genuine dispute as to whether the alleged conduct was sufficiently severe or pervasive to create an objectively hostile work environment. The district court did not err in granting summary judgment to the Agency.

**AFFIRMED.**